

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

vs.

Case: 2:22-cr-20561
Assigned To : Goldsmith, Mark A.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 10/26/2022
Description: INDI USA V. TISSUE (KB)

**D-1 SEAN PHILLIP TISSUE**
   **a/k/a SEAN RYAN,**

       **Defendant,**

       **Counts 1 - 2:**
18 U.S.C. § 152(1) –
**Concealment of Assets in Bankruptcy**

**Counts 3 - 7:**
18 U.S.C. § 152(3) – **False Declarations in Bankruptcy**

**Counts 8 - 9:**
18 U.S.C. § 152(2) – **False Oaths in Bankruptcy**

**Counts 10 - 14:**
18 U.S.C. § 152(9) –
**Withholding of Recorded Information in Bankruptcy**

**Count 15:**
18 U.S.C. § 157 (1), (2) & (3) –
**Bankruptcy Fraud Scheme**

**And Forfeiture Allegations**

_____/

# INDICTMENT

THE GRAND JURY CHARGES THAT:

## GENERAL ALLEGATIONS

At all times pertinent to this indictment:

1. SEAN PHILLIP TISSUE a/k/a SEAN RYAN ("TISSUE") was a resident of the City of Rochester, Michigan. In or About April 2022, TISSUE moved to Georgia.

2. TISSUE worked with a number of other individuals including those identified herein as K.M., J.V., A.M., M.T., S.M., N.R., V.D., and R.V., to carry out TISSUE's long running real estate investment fraud scheme ("the Real Estate Fraud Scheme").

**Real Estate Fraud Scheme**

3. Defendant TISSUE, along with K.M., and J.V and possibly others, engaged in the Real Estate Fraud Scheme from in or about 2015 to 2021. The Real Estate Fraud Scheme was accomplished using interstate and foreign wire communications and transfers of information and funds.

4. The Real estate Fraud Scheme had two primary phases. The first phase took place from in or about 2015 to 2017 and involved the ostensible sale of

2

real estate in Texas to investors from Hong Kong, South Africa, and other countries, and involved various companies, owned or controlled by TISSUE, including Greystone Home Builders, LLC ("Greystone"), and Sycamore Homes, LLC ("Sycamore").

5. During the first phase of the Real Estate Fraud Scheme, K. M. worked for TISSUE and Sycamore and J.V. worked for TISSUE and Greystone.

6. During the first phase of the Real Estate Fraud Scheme between June 2017 and July 2017, leading up to the filing of a bankruptcy case by TISSUE in November 2017, Greystone received over $71,000.00.

7. During the first phase of the Real Estate Fraud Scheme during August 2017, leading up to the filing of a bankruptcy case by TISSUE in November 2017, an entity owned and controlled by TISSUE called Boardwalk Heights B2R, LLC ("Boardwalk") received over $155,000.00.

8. During the first phase of the Real Estate Fraud Scheme between September 2017 and November 2017, leading up to the filing of a bankruptcy case by TISSUE in November 2017, an entity owned and controlled by TISSUE called Lenovo Homes, LLC ("Lenovo"), received over $225,000.00.

9. During the first phase of the Real Estate Fraud Scheme between June 2017 and November 2017, leading up to the filing of a bankruptcy case by TISSUE

in November 2017, funds totaling over $460,000.00 were transferred between Greystone, Lenovo, Boardwalk, an entity owned and controlled by TISSUE called Cortera Group, LLC ("Cortera"), and another entity owned and controlled by TISSUE called Phillip Ryan, LLC ("PR LLC").

**Bankruptcy Filing**

10. On or about November 13, 2017 Defendant TISSUE filed, or caused to be filed, a voluntary Chapter 7 petition in bankruptcy, in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "Bankruptcy Court"), which proceeding was entitled *In re: Sean Phillip Tissue,* Bankruptcy Case No. 17-55776 (the "Tissue Bankruptcy Case").

11. A Chapter 7 Bankruptcy, commonly referred to as a liquidation bankruptcy, was a type of bankruptcy authorized by Title 11 of the United States Code. A Chapter 7 bankruptcy permitted a debtor to discharge certain debts. In order to be eligible for a Chapter 7 bankruptcy, the debtor must establish to the Bankruptcy Court that they did not have sufficient assets or income to qualify for a Chapter 11 or a Chapter 13 bankruptcy.

12. Debtors seeking a Chapter 7 bankruptcy had to file a Petition, and a Summary of Schedules, listing the actual value of their real estate and personal assets.

13. Debtors had to file documents with the Bankruptcy Court supporting the existence and value of their real property, personal property, creditors, and total monthly income and expenditures, which were called Schedules.

14. Debtors were also required to file a Statement of Financial Affairs (a "SOFA"). A SOFA "looked back" at the debtor's gross income from all sources during the current year and two years prior to filing for bankruptcy; any gifts or losses of property within the one year prior to filing bankruptcy; transfers of any property within two years prior to filing bankruptcy; closed financial accounts within the one year prior to filing bankruptcy; and any businesses which a debtor owned or was an officer or partner in within four years prior to filing their bankruptcy case.

15. A Debtor's Petition, Schedules, and SOFA were all signed under oath and under penalty of perjury.

16. Following the filing of the Chapter 7 bankruptcy Petition, the Bankruptcy Court appointed a Chapter 7 trustee who oversaw the Tissue Bankruptcy Case. The trustee's primary responsibility was to collect assets, if any were available, and use those assets to pay to creditors.

17. During the Chapter 7 proceeding, the trustee conducted a creditor's hearing, known as a Section 341 Meeting of Creditors (the "341 Meeting").

Creditors could appear at the hearing and question a debtor about their bankruptcy case and finances. The bankruptcy trustee (and others) would also ask the debtor various questions at the 341 Meeting, such as whether all the information contained within the bankruptcy documents was true and correct. The debtor testified under oath at the 341 Meeting

18. On or about December 4, 2017, TISSUE filed, or caused to be filed, in the Tissue Bankruptcy Case, his original Schedules, including Schedules B (list of Personal Property), Schedule I (monthly Income), Schedule J (monthly Expenses), and Statement of Financial Affairs ("SOFA")(historic financial and asset information).

19. On or about December 7, 2017, TISSUE filed, or caused to be filed, in the Tissue Bankruptcy Case, amended Schedules, including amended Schedules B, J, and amended SOFA.

20. Beginning before and during the Tissue Bankruptcy Case, TISSUE used his ownership and control of numerous entities including Greystone, Sycamore, Cortera, Lenovo, NROL Holdings Limited Partnership ("NROLLP"), Boardwalk, PR LLC, Metro Detroit Home Solutions, LLC ("MDHS"), and various related entities, to hide his actual income, expenses, and assets, including: electronics, transfers of funds, pet related expenses, sports and hobby equipment, food and

restaurant expenses, leases and payments for vehicles, PayPal payments, and use of internet domain names/addresses.

**Continued Real Estate Fraud Scheme and Bankruptcy Fraud**

21. In or about March 2018, (while the Tissue Bankruptcy Case was still ongoing), Defendant TISSUE, opened a new bank account at Fifth Third Bank for Lenovo. The money used to initially fund the account totaled over $48,000. Between March 2018 and April 2018, funds in the new Lenovo Fifth Third Bank account were spent to pay personal expenses for TISSUE and otherwise transferred to various parties, including to J.V., S.M., and to his fiancé, A. M.

22. Prior to and during the Tissue Bankruptcy Case, TISSUE transferred and paid money to his fiancé, A. M. However, TISSUE failed to disclose his financial support of A.M. and failed to list her as a dependent.

23. In or about 2017, prior to, during, and continuing after the Tissue Bankruptcy Case, TISSUE used the assumed name "Sean Ryan" with investors. TISSUE failed to disclose the use of that assumed name in his bankruptcy documents in the Tissue Bankruptcy Case.

24. In or about August 2018, (while the Tissue Bankruptcy Case was still ongoing), Defendant TISSUE, along with K.M. and J.V., and others, began the second phase of the Real Estate Fraud Scheme

25. TISSUE, K.M. and J.V. used a new entity he owned and controlled called Centureon, and related companies, to carry out the second phase of the Real Estate Fraud Scheme. TISSUE also used the pseudonym "Sean Ryan" with Centureon investors and vendors.

26. Through Centureon, TISSUE used Israeli recruiters and facilities, including N.R., V.D., and R.V. to target Israeli investors seeking to invest in and purchase real estate in the United Sates.

27. As part of this continued Real Estate Fraud Scheme, Israeli investors were directed to wire funds to what they were told was a title agency in the United States (which operates in Oakland County, Michigan), for the purpose of purchasing real estate in the Metro Detroit area in Michigan. In actuality, the Israeli investors were provided with the routing and account information for the funds to go directly into a Centureon account. TISSUE, through Centureon, kept the money but did not provide the properties as promised.

28. In other cases, Israeli investors provided funds to supposedly be used by Centureon to purchase properties, renovations, and property management services from Centureon in the Metro Detroit area in Michigan. The investors were provided with deeds, sometimes false deeds and false assurances of insurance and tax payments, and sometimes a few months of ostensible tenant payments, before

Centureon cut off contact and kept the remainder of the investors' funds.

29. Between August 2018 to October 2020 (while the Tissue Bankruptcy Case was still ongoing and after it was closed), over $7,900,000.00 was deposited into, and over $7,600,00.00 was disbursed from, the Centureon bank account.

30. During the second phase of the Real Estate Fraud Scheme, K. M. and J.V both worked for TISSUE and Centureon.

31. Also, during and as part of the second phase of the Real Estate Fraud Scheme, in or about August 2018, (while the Tissue Bankruptcy Case was still ongoing), TISSUE started a new entity called NROL Property and Investments, LLC ("NROLPI").

32. Between August 2018 to January 2019 (while the Tissue Bankruptcy Case was still ongoing), over $70,000.00 was deposited into, and disbursed from, the NROLPI bank account.

33. J.V. was also involved with TISSUE and NROLPI.

34. The Tissue Bankruptcy Case was closed on or about May 9, 2019.

### COUNTS ONE and TWO
*(18 U.S.C. §152(1) – Concealment of Assets in Bankruptcy)*

D1 SEAN PHILLIP TISSUE a/k/a SEAN RYAN

35. The General Allegations are included in these counts.

36. From the date TISSUE filed his bankruptcy Petition on November 13, 2017, to May 9, 2019, the date the Tissue Bankruptcy Case was closed, and continuing thereafter, TISSUE knowingly and fraudulently concealed in connection with the Tissue Bankruptcy Case and from the Chapter 7 Trustee, his creditors, and the U.S. Trustee, property which belonged to his bankruptcy estate, which property included, but was not limited to, the following:

| Count | Description of Concealed Property |
|---|---|
| 1 | Control, use of, and legal or equitable interest in, bank account of Lenovo Homes, LLC with a balance over $20,000.00 at the time the Tissue Bankruptcy case was filed and disbursements totaling over $67,000.00 in November 2017. |
| 2 | Control, use of, and legal or equitable interest in, bank account of Boardwalk Heights B2R, LLC |

All in violation of Title 18, United States Code, Section 152(1).

**COUNTS THREE through SEVEN**
*(18 U.S.C. §152(3) – False Declaration in Bankruptcy)*

D1 SEAN PHILLIP TISSUE a/k/a SEAN RYAN

37. The General Allegations are included in these counts.

38. On or about December 7, 2017, TISSUE filed, or caused to be filed, Amended Schedules, including *Amended Schedule B*, which required TISSUE to list all personal property he owned or had an interest in; and *Amended SOFA*,

which required TISSUE to list in part, all transfers of any property within the two years prior to filing the Tissue Bankruptcy Case.

39. TISSUE signed his original and Amended Schedules, including Amended Schedule B, and Amended SOFA, under penalty of perjury that they were true and correct.

40. TISSUE knowingly and fraudulently made false declarations, verification or statements under penalty of perjury as to material matters in his Amended Schedule B, and Amended SOFA in that his answers to various item numbers and questions were not true and accurate, specifically:

| Count | Schedule and Question # and description | Disclosed by Defendant | Not Disclosed by Defendant |
|---|---|---|---|
| 3 | Amended Schedule B, #17. Legal or equitable interest in deposits of money, including checking, savings, and other financial accounts. | Checking at Wells Fargo (acct. ending in 1966) value $15.00 and Bank of America (Cortera Group, LLC account-this account used for all personal expenses, acct. ending in 7404), value $800.00 | Interest in, control over, or use of checking accounts and funds, of entities Lenovo Homes, LLC, and Boardwalk Heights B2R, LLC, |
| 4 | Amended Schedule B, #19. Interest in incorporated and unincorporated businesses, including LLCs | Cortera Group, LLC valued at $1.00; Greystone Home Builders LLC; Greystone Acquisitions 1, LLC (including | Actual value of Cortera Group, LLC and Metro Detroit Home Solutions, LLC, disclosed by TISSUE more than $1.00 each, based on the |

| | | | |
|---|---|---|---|
| | | Greystone Home Builders, LLC, Greystone Acquisitions 2, LLC, Greystone Home Builders, LLC); Sycamore Holdings, LLC (including Sycamore Construction, LLC, Sycamore Property Management, LLC, Phillip Ryan, LLC, Stripeless Tiger, LLC (all closing at the end of 2015)); and Metro Detroit Home Solutions, LLC, (inactive since 2013), with all entities valued as $1.00 each | amount of funds transferred into or out of these entities; and continued use of Cortera Group, LLC and Metro Detroit Home Solutions, LLC, despite indicating Metro Detroit Home Solutions, LLC inactive. |
| 5 | #25 Trusts and interests in property and rights or powers exercisable for your benefit | NROL Trust (Created in August 2017, no assets transferred to trust), valued at $1.00 and NROL Holdings Limited Partnership (Value of interest listed as unknown because Lenovo Homes was formed in August 2017 and has not been profitable as of date of filing, valued as "Unknown". | Actual value of NROL Holdings Limited Partnership and Lenovo Homes disclosed by TISSUE valued more than $1.00, based on the amount of funds transferred into and out of these entities; and continued use of NROL Holdings Limited Partnership and Lenovo Homes despite indicating not profitable or "Unknown" value. |

| 6 | Amended Schedule B, #26. Patents, copyrights, trademarks, trade secrets, other intellectual property (including internet domain names, websites) | No | Tissue owned and controlled numerous internet domain names and websites, through primarily GoDaddy |
|---|---|---|---|
| 7 | Amended SOFA, Q# 18. Within 2 years before filing bankruptcy transfers of any property to anyone | No. | TISSUE transferred and arranged for the transfer of tens of thousands of dollars to and from numerous people and entities, including K. M., J. V., S.M., A.M., Lenovo Homes, LLC, Greystone Home Builders, LLC, Singapura Investments, LLC, Boardwalk Heights B2R, LLC, Phillip Ryan, LLC, Cortera Group, LLC, Sycamore Homes, LLC, to car dealerships and vehicle financing lenders, within the 2 years leading up to the filing of the Tissue Bankruptcy Case. |

All in violation of Title 18, United States Code, Section 152(3).

## COUNTS EIGHT and NINE
*(18 U.S.C. § 152(2) – False Oaths in Bankruptcy)*

D-1 SEAN PHILLIP TISSUE a/k/a SEAN RYAN

41. The General Allegations are included in these counts.

42. On or about December 20, 2017, TISSUE knowingly and fraudulently made false oaths as to a material matter in relation to the Tissue Bankruptcy Case. At his 341 Meeting, after being placed under oath, TISSUE testified falsely as follows:

| Count | Questions asked to Defendant | False Answers given by Defendant |
|---|---|---|
| 8 | *At the time that you completed those documents [referring to documents filed in the Tissue Bankruptcy case] was all of the information in them completely truthful and accurate?* | A: TISSUE- *"Yes it was"*. |
|   | *Any other changes that you know of that need to be made?* | A: TISSUE- *"No Sir"*. |
| 9 | *Do the Schedules list everything that you own or have an interest in?* | A. TISSUE- *"Yes"*. |
|   | *And has anything at all changed or is anything different since the case was filed?* | A. TISSUE- *"No it is not"*. |

which answers, as TISSUE well knew, were false as set forth in Counts One through Seven,

all in violation of Title 18, United States Code, §152 (2)

## COUNTS TEN through FOURTEEN
*(18 U.S.C. § 152(9) – Withholding Recorded Information)*

D-1 SEAN PHILLIP TISSUE a/k/a SEAN RYAN

43. The General Allegations are included in these counts.

44. Beginning after November 2017, and continuing during and after the Tissue Bankruptcy Case, TISSUE knowingly and fraudulently withheld from the Chapter 7 Trustee, who was entitled to possession of TISSUE's books, documents, records, and papers relating to TISSUE's property or financial affairs, the following:

| Count | Description of Withheld Information |
|---|---|
| 10 | Canceled checks to Charles Polk and any other creditors paid by TISSUE within 90 days. |
| 11 | Filed tax returns for TISSUE and all businesses for the years 2013-2016 (to the extent that all returns were not previously provided (to the Chapter 7 Trustee)). |
| 12 | Canceled checks or a check register for the Cortera Group for the 6 month period preceding the filing of the Tissue Bankruptcy Case. |
| 13 | Documentation evidencing the disposition of assets of |

|    |                                                                                                                                                                                                                                    |
|----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|    | Sycamore Holdings, LLC and its affiliates.                                                                                                                                                                                         |
| 14 | All documentation evidencing the entries on the December 20, 2016 balance sheet for Greystone Home Builders, LLC and documentation evidencing the disposition of the assets and liabilities listed on that balance sheet. |

All in violation of Title 18, United States Code, §152 (9)

## COUNT FIFTEEN
*(18 U.S.C. § 157 - Bankruptcy Fraud Scheme)*

D-1 SEAN PHILLIP TISSUE a/k/a SEAN RYAN

45.  The General Allegations are included in these counts.

46.  Beginning in or about June 2017, prior to the filing of the Tissue Bankruptcy Case, through on or about May 9, 2019, TISSUE devised and engaged in a scheme to defraud his creditors, the Chapter 7 Trustee, the U.S. Trustee, and the Bankruptcy Court, by means of fraudulent pretenses and representations.

47. The purpose of TISSUE's scheme was to hide the true nature of his assets, income, expenses, and transfers of funds or personal property, by failing to disclose and without intending to disclose this information to his creditors, the Chapter 7 Trustee, the U.S. Trustee, and the Bankruptcy Court, in order to avoid repayment of amounts owed to his creditors, and otherwise attempting to obtain a discharge of his debts.

48. On or about November 13, 2017, in the Eastern District of Michigan, Southern Division, TISSUE, for the purpose of executing and concealing the above-described scheme, filed or caused the filing his Petition as part of the Tissue Bankruptcy Case

49. On or about November 13, 2017 through December 7, 2017, in the Eastern District of Michigan, Southern Division, TISSUE, for the purpose of executing and concealing the above described scheme, filed or caused the filing of documents in the Tissue Bankruptcy Case, including his original and amended Schedule B, and SOFA,

all in violation of Title 18, United States Code, §157 (1), (2) and (3).

## FORFEITURE ALLEGATION
*(18 U.S.C. § 981(a)(1)(C), and*
*28 U.S.C. § 2461– Criminal Forfeiture)*

50. The General Allegations and Counts 1 through 14 of this Indictment are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to the following statutes: Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c).

51. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of the offense(s) charged in Counts 1 through 14, in violation of Title 18, United States Code, Section 152,

Defendant TISSUE shall forfeit to the United States any property, real or personal, constituting, or derived from, proceeds traceable to such violation(s).

52. **Forfeiture Money Judgment.** Such property includes but is not limited to, a forfeiture money judgment in an amount to be determined, representing the total value of all property real or personal, constituting, or derived from proceeds traceable to violations of 18 U.S.C. §152, as alleged in Counts 1 through 14.

53. **Substitute Assets.** Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), Defendant TISSUE shall forfeit substitute property, up to the value of the properties described above, if, by any act or omission of the Defendants, the property described above: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL

*s/Grand Jury Foreperson*
GRAND JURY FOREPERSON

DATED: October 26, 2022

DAWN N. ISON
United States Attorney

*s/John K Neal*
JOHN K. NEAL
Chief, White Collar Crime Unit
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9644
John.Neal@usdoj.gov

*s/Craig Weier*
CRAIG WEIER
Assistant U. S. Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9678
Craig.Weier@usdoj.gov

*s/Richard A. Roble*
RICHARD A. ROBLE
Special Assistant U.S. Attorney
Eastern District of Michigan
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 348-8179
Richard.Roble@usdoj.gov

Dated: October 26, 2022

(Companion Case information MUST be completed by AUSA and initialed)

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case: 2:22-cr-20561<br>Assigned To : Goldsmith, Mark A.<br>Referral Judge: Stafford, Elizabeth A.<br>Assign. Date : 10/26/2022<br>Description: INDI USA V. TISSUE (KB) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it a

|  | Companion Case Number: |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: R.A.R |

**Case Title:** USA v. D-1 Sean Phillip Tissue, a/k/a Sean Ryan

**County where offense occurred :** Wayne

**Check One:**    ☒ Felony    ☐ Misdemeanor    ☐ Petty

     ✔ Indictment/ _____ Information --- **no** prior complaint.
     _____ Indictment/ _____ Information --- based upon prior complaint [Case number:                    ]
     _____ Indictment/ _____ Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

October 26, 2022
Date

/Richard A. Roble
Richard A. Roble
Special Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:(313) 438-8179
Fax:    (313) 226-2873
E-Mail address: Richard.Roble@usdoj.gov
Attorney Bar #:

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.