United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                            Case No. 22-20561

v.

                            Hon. Mark A. Goldsmith

D-1 Sean Phillip Tissue,
      a/k/a Sean Ryan,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Sean Phillip Tissue, a/k/a Sean Ryan [Tissue], have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Counts of Conviction

Tissue will waive his right to an indictment and plead guilty to Count 1 of the Superseding Information. Tissue will also plead guilty to Count 12 of the Indictment. Count 1 of the Superseding Information charges Tissue with Wire Fraud in violation of 18 U.S.C. § 1343. Count

Page **1** of **22**

12 of the Indictment charges Tissue with Withholding of Recorded

Information in Bankruptcy in violation of 18 U.S.C. § 152.(9)

## 2.    Statutory Minimum and Maximum Penalties

Tissue understands that the counts to which he is pleading guilty

carry the following maximum statutory penalties:

| Count 1 Superseding Information | Term of imprisonment: | 20 years |
| --- | --- | --- |
| | Fine: | $250,000 |
| | Term of supervised release: | 3 years |
| Count 12 Indictment | Term of imprisonment: | 5 years |
| | Fine: | $250,000 |
| | Term of supervised release: | 3 years |

## 3.    Agreement to Dismiss Counts and Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence

consistent with its terms, the United States Attorney's Office for the

Eastern District of Michigan will move the Court to dismiss Counts 1 -

11 and 13 - 14 of the Indictment at the time of sentencing and will not

bring additional charges against Tissue for the conduct reflected in this

Rule 11 Plea Agreement's factual basis.

4.      **Elements of Count of Conviction**

The elements of **Count 1 of the Superseding Information (Wire Fraud)** are: (1) Tissue knowingly participated in or devised a scheme to defraud in order to deprive another of money or property, that is, as charged in this case, a scheme to get money from potential investors using false statements and representations about what he would do with the investments; (2) the scheme included a material misrepresentation of a material fact; (3) Tissue had the intent to defraud; and (4) Tissue caused interstate or foreign wire or radio transmissions in order to further the scheme.

The elements of **Count 12 of the Indictment (Withholding Recorded Information in Bankruptcy)** are:  (1) a bankruptcy proceeding existed in the United States Bankruptcy Court for the Eastern District of Michigan under Title 11 (which is the bankruptcy code); (2) The defendant knowingly withheld recorded information, books, documents, records, or papers from the custodian,,trustee, marshal, officer of the court, or a United States Trustee entitled to their possession; (3) The recorded information; books, documents, records, or

papers related to the property or financial affairs of the debtor; and (4)

the defendant acted fraudulently, that is, with the intent to deceive any

creditor, the trustee, or bankruptcy judge.

5.    **Factual Basis.**

The parties agree that the following facts are true, accurately

describe Tissue's role in the offenses, and provide a sufficient factual

basis for Tissue's guilty plea:

**As to Count 1 of the Superseding Information (Wire**

**Fraud):**  From sometime in 2015 through 2021, Tissue engaged in a

real estate investment fraud scheme. Tissue, along with his

coconspirators, made, or caused others to make, false and fraudulent

representations to induce potential investors from Israel, India, South

Africa, and other countries to ostensibly invest in real estate in

Michigan, Texas, and other locations.

Tissue and his coconspirators either directly, or through agents,

provided false and fraudulent material information to investors,

through interstate and international wire communications, to induce

them to invest, and then received investor funds through interstate or

international wire transactions. To further the scheme, various false documents were provided to investors, including fake deeds and fake wiring instructions generated by Tissue, and fake bank statements, fake deeds, fake leases, and fake inspection reports generated by Tissue's associates at Tissue's direction. Tissue also provided a fake name to investors ("Sean Ryan"). Tissue and his associates provided this fraudulent and false information while working in the Eastern District of Michigan.

Tissue used approximately eight entities and nine bank accounts in his real estate fraud scheme, including The Centureon Companies LLC, Greystone Home Builders LLC, Sycamore Homes LLC, Lenovo Homes LLC, NROL Holdings LLC, Phillip Ryan LLC, Boardwalk Heights B2R LLC, NROL Property and Investment LLC. The entities owned or controlled by Tissue received at least $3 million fraudulently, which Tissue converted to his own use.

**As to Count 12 of the Indictment (Withholding Recorded Information in Bankruptcy):** Tissue filed a voluntary Chapter 7 petition in bankruptcy, in the United States Bankruptcy Court for the

Eastern District of Michigan, Southern Division (the "Bankruptcy Court"), which proceeding was entitled *In re: Sean Phillip Tissue,* Bankruptcy Case No. 17-55776 (the "Tissue Bankruptcy Case").

Beginning after November 2017, while the Tissue Bankruptcy Case was on-going, through on or about May 9, 2019, Tissue knowingly and fraudulently withheld from the Chapter 7 Trustee, who was entitled to possession of Tissue's books, documents, records, and papers relating to his property or financial affairs, the following documents: Canceled checks or a check register for the Cortera Group for the 6 month period preceding the filing of the Tissue Bankruptcy Case.

**6.    Advice of Rights**

Tissue has read the Superseding Information and the Indictment, has discussed the charge and possible defenses with his attorney, and understands the crime charged. Tissue understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.    If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.    The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.    The right to compel the attendance of witnesses at trial.

**7.    Collateral Consequences of Conviction**

Tissue understands that his conviction here may carry additional consequences under federal or state law. The defendant understands

that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. Tissue further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on Tissue's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. Tissue understands that no one, including Tissue's attorney or the Court, can predict to a certainty what the additional consequences of Tissue's conviction might be. Tissue nevertheless affirms that Tissue chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine Tissue's guideline range at sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that Tissue receive a two-level reduction for

acceptance of responsibility under USSG § 3E1.1(a). Further, if Tissue's offense level is 16 or greater and Tissue is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b) . If, however, the government learns that Tissue has engaged in any conduct inconsistent with acceptance of responsibility— including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt of the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that Tissue not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that Tissue receive an enhancement for obstruction of justice under USSG § 3C1.1.

## C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to Tissue's guideline calculations:

(A)    That the actual loss amount attributable to the defendant as a result of these offenses is approximately $3 million, resulting in a sixteen-level increase in Tissue's offense level pursuant to USSG § 2B1.1(b)(1)(I).

(B)    That the offense involved misrepresentations or fraudulent activity during bankruptcy resulting in a two-level increase in Tissue's offense level pursuant to USSG § 2B1.1(b)(9)(B).

## D.    Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing.

## E.    Parties' Obligations

Both Tissue and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D.

Neither party is otherwise restricted in what it may argue or present to the Court as to Tissue's guideline calculation.

### F.     Not a Basis to Withdraw

Tissue understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 9.     Imposition of Sentence

### A.     Court's Obligation

Tissue understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

**B.**    **Imprisonment**

    **1.**    **Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that Tissue's sentence of imprisonment not exceed the midpoint of Tissue's guideline range as determined by the Court.

    **2.**    **No Right to Withdraw**

The government's recommendation in paragraph 9.B.1 is not binding on the Court. Tissue understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B) the parties recommend that the Court impose a three-year term of supervised release.

### 2.   No Right to Withdraw

The parties' recommendation is not binding on the Court. Tissue understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. Tissue also understands that the government's recommendation concerning the length of Tissue's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of Tissue's supervised release.

### D.   Fines

There is no recommendation or agreement as to a fine.

### E.     Restitution

The Court must order restitution to every identifiable victim of Tissue's offense.  The government will provide the Court with a complete list of the victims and amounts owed each prior to sentencing.

Tissue agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, Tissue agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

Tissue agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. Tissue agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. Tissue agrees to participate in a

presentencing debtor's examination if requested to do so by government counsel.

Tissue agrees that all payments to be made pursuant to the court's restitution order are to be sent only to the Clerk of the Court at the following address:

> Clerk's Office
> U.S. District Court of the Eastern District of Michigan
> 231 W. Lafayette
> Detroit, MI 48226

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, Tissue will provide the following information:

> a. Tissue's name and social security number;
>
> b. The District Court docket number assigned to the case;
>
> c. A statement that the payment is being submitted pursuant to the District Court's restitution order.

### F.    Forfeiture

Defendant agrees, under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), to forfeit any and all property, real or personal, which

constitutes or is derived, directly or indirectly, from proceeds traceable to the wire fraud scheme described in the factual basis. Specifically, defendant agrees to the entry of a forfeiture money judgment against his, in favor of the United States, in the amount of $3,000,000 (the "Money Judgment"). Defendant agrees that he personally obtained at least $3,000,000 as a result of his participation in the described mail and wire fraud scheme.

Following entry of this Rule 11 Agreement, defendant agrees to the Court's prompt entry of one or more orders of forfeiture and entry of the $3,000,000 Money Judgment. Defendant agrees that the forfeiture order shall be final and effective as to his interests on entry.

Defendant acknowledges that he spent and dissipated many of the criminal proceeds that he obtained in connection with the described offenses, making these funds unavailable for forfeiture. For this reason, defendant agrees that the Money Judgment may be satisfied, to whatever extent possible, from any other property that he owns or which is under his dominion and control. Defendant explicitly agrees to the forfeiture of any and all assets he has now, or may later acquire, as

substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

Defendant agrees to cooperate with the United States in connection with its efforts to identify, locate, seize, and forfeit property in accordance with this agreement. Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver possession of, and clear title to, any property that is forfeitable to the United States and will execute any legal documents that may be required to transfer title to the United States. Defendant will take whatever steps are necessary to ensure that his assets are not sold, disbursed, hidden, wasted or otherwise made unavailable for forfeiture.

Defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges, in any form, to any forfeiture carried out in accordance with this plea agreement, on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment.

Defendant acknowledges that he understands that forfeiture is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the court to advise him of this, under Rule 11(b)(1)(J), or otherwise, at the time his guilty plea is accepted. Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment and waives any right he may have to request a jury determine forfeiture under Rule 32.2(b)(5).

### G.    Special Assessment

Tissue understands that he will be required to pay a special assessment of $200 due immediately upon sentencing.

## 10.    Appeal Waiver

Tissue waives any right he may have to appeal his conviction on any grounds. If Tissue's sentence of imprisonment does not exceed the top of the guideline range as determined by the Court, Tissue also waives any right he may have to appeal his sentence on any grounds.

11. **Collateral Review Waiver**

Tissue retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as Tissue properly raises those claims by collateral review under 28 U.S.C. § 2255. Tissue also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as Tissue properly files a motion under that section. Tissue, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

12. **Consequences of Withdrawal of**
    **Guilty Plea or Vacation of Judgment**

If Tissue is allowed to withdraw his guilty plea, or if Tissue's conviction or sentence under this agreement is vacated, the government may reinstate any charges against Tissue that were dismissed as part of this agreement and may file additional charges against Tissue

relating, directly or indirectly, to any of the conduct underlying Tissue's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, Tissue waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 13.    Use of Withdrawn Guilty Plea

Tissue agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that Tissue made at his guilty plea hearing, and the factual basis set forth in this agreement, against Tissue in any proceeding.

### 14.    Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 15.    Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations,

understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to Tissue or to the attorney for Tissue at any time before Tissue pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against Tissue, or any forfeiture claim against any property, by the United States or any other party.

## 16.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00pm on February 21, 2022. The government may withdraw from this agreement at any time before

Tissue pleads guilty.

Dawn N. Ison
United States Attorney

_____
John K. Neal
Chief, White Collar Crimes Unit
Assistant United States Attorney

_____
Craig A. Weier
Assistant United States
Attorney

_____
Richard A. Roble
Special Assistant United States
Attorney

Dated: February 22, 2023

    By signing below, Tissue and his attorney agree that Tissue has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. Tissue further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
John R. Minock
Attorney for Defendant

_____
Sean Phillip Tissue
Defendant

Dated:  February 28, 2023

Dated: February ___, 2023

Page **22** of **22**